UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDWARD R. PRIDGEN § | |
| § | |
| vs. § | CIVIL ACTION NO. C-04-549 |
| § | |
| JO ANNE B. BARNHART, Commissioner § | |
| of the Social Security Administration § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff appeals a final determination by the Commissioner of Social Security that he has been paid all of the Social Security Disability benefits to which he is entitled and that he currently is receiving the correct amount of monthly benefits. Plaintiff filed a motion for summary judgment on April 18, 2005 and defendant filed a motion for summary judgment on May 10, 2005 (D.E. 13, 14, 15).

## BACKGROUND

Plaintiff filed an application for disability insurance benefits ("DIB") on September 6, 1988 and the application was denied at all administrative levels (Tr. 12, 76). Plaintiff did not file a judicial appeal of the administrative denial, but filed a new application for DIB and supplemental security income ("SSI") on July 30, 1992 (Tr. 12, 25-28). In a decision dated October 27, 1995, plaintiff was found disabled as of April 6, 1995. However, the Social Security Administration ("SSA") found that he was not entitled to a period of disability on or before his insured status expired (Tr. 12, 39). The Appeals Council vacated the decision with respect to the issue of disability prior to April 6, 1995 (Tr. 12, 48-50). In a decision dated April 24, 1998 plaintiff was found disabled as of September 1, 1987 and was entitled to DIB, although he was ineligible for SSI because he had excess resources (Tr. 12, 51-68).

Plaintiff was paid $81,954.80 in back DIB benefits for the period between July 1991 and April 1998 (Tr. 12, 99). Subsequent to the award of back benefits, the Appeals Council reopened and revised the hearing decision and on April 8, 2000 issued a determination that the claimant was entitled to DIB based on his September 6, 1988 application as well as his application of August 20, 1992 (D.E. 12, 74-77). Plaintiff next received a letter dated May 10, 2000 telling him that based on the finding that he had been disabled as of September 1, 1987 and also based on his application of September 6, 1988, that he was entitled to benefits commencing in February 1988 (to account for the five-month waiting period from September 1987[1]). He was entitled to back pay in the amount of $34,149, which was the amount he was due through June 1991. Plaintiff also was informed that his monthly benefit amount was $784.20 and that he had been paid the correct amount of benefits from 1991 forward (Tr. 12, 81-84).

Plaintiff objected to the determination that he had received all the benefits to which he was entitled, arguing that he had previously been charged a waiting period and that he was being charged a second waiting period for the same period of disability (Tr. 12-13, 85-86). The SSA responded that plaintiff had not been charged two waiting periods and that he had received all the benefits to which he was entitled (Tr. 12, 87). Plaintiff sought reconsideration of the determination and on reconsideration again was told he had been paid all the benefits to which he was entitled, which totaled $158,806.40 minus his representative's $4,000 fee (Tr. 13, 101-103, 125-133).

Plaintiff requested a hearing on the issues and one was held on February 14, 2003 (Tr. 16-23). In a decision dated July 23, 2003 the administrative law judge ("ALJ") determined that

---

[1] See 20 C.F.R. § 404.315(a)(4).

plaintiff's only waiting period had been from September 1, 1987 to January 1988. The ALJ further determined that plaintiff's initial monthly benefit amount was incorrectly calculated and also that plaintiff had been underpaid beginning in February 1988 and continuing to the present and the underpayment affected the benefit amount of plaintiff's dependents and those amounts should be recalculated. The ALJ concluded that the deemed military wages had been included and correctly figured at the time plaintiff's average indexed monthly earnings and primary insurance amount was computed. Finally, the ALJ added that plaintiff and his beneficiaries should receive worksheets detailing the total amount he should have been paid, the amount he actually received and the total underpayment per year (Tr. 15).

The Appeals Council reopened and revised the ALJ's hearing decision following receipt of a referral memorandum from the Southeastern Program Service Center[2]. A copy of the referral memorandum was sent to plaintiff's non-attorney representative, Jay Honeycutt, who replied to it, arguing that there should be 21 computation years rather than 22 computation years and that after subtracting the four drop-out years, there should be 17 remaining years on which to base the computation rather than 18. Honeycutt also protested that the referral memorandum did not discuss plaintiff's military credits or waiting periods.

After receipt of plaintiff's reply, the Appeals Council issued its determination wherein it re-figured the amount of benefits plaintiff was due and determined that plaintiff has been paid correctly, although it acknowledged that the reconsideration determination provided an erroneous explanation regarding the number of elapsed years, drop-out years and benefit compensation years used to determine the amount of benefits plaintiff was due (Tr. 6-7).

---

[2]A copy of the referral memorandum was not included in the record.

>In figuring the benefit amount the Appeals Council set out the following:
>
>Pursuant to section 215(b)(2)(B)(iii) of the Social Security Act, the number of elapsed years used in the average indexed monthly earnings (AIME) calculation are determined by the inclusive number of years in the period beginning with the year an individual attains age 22 and ending with the year prior to the onset of his disability.
>
>The claimant was born on July 7, 1943 and attained age 22 in 1965. He became disabled on September 1, 1987. Contrary to his representatives's contention that the number of elapsed years is calculated by subtracting the year prior to the onset of the claimant's disability from the year he attains age 22 (result: 21 years), the number of elapsed years equal the total number of years beginning with the year the claimant attains age 22 (1965) and ends with the year prior to the onset of his disability (1986).

(Tr. 6). The Appeals Council further determined that plaintiff's military pay and benefits were correctly figured into his DIB calculation and also that he did not serve two waiting periods (Tr. 7). The Appeals Council issued its decision on February 2, 2004 (Tr. 8).

Plaintiff filed his cause of action seeking reversal or remand of the SSA determination on November 5, 2004 (D.E. 1)[3]. Plaintiff complains that the record is not complete and that the SSA has been unfair by not providing all of the figures used in calculating the wages and benefits they claim are accurate, despite the recommendation by the ALJ that the calculations be provided. He argues that because the SSA has not provided the data, he cannot show precisely where the Appeals Council claim is in error. Plaintiff also disputes the Appeals Council conclusion that he has been properly credited for his military service. Plaintiff continues to question whether he served one or two waiting periods. The defendant counters that plaintiff's benefits have been calculated properly.

---

[3] Plaintiff's cause of action was filed well after the 60-day limitations period expired. However, because defendant did not move to dismiss based on the statute of limitations, it has been waived. Rowland v. Califano, 588 F.2d 449 (5th Cir. 1979).

4

## APPLICABLE LAW

### A. Standard of Review

In Social Security disability cases, 42 U.S.C. § 405(g) governs the standard of review. In the Fifth Circuit, appellate review is limited to (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. Walters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002)(citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000). The burden has been described as more than a scintilla, but lower than a preponderance. Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995).

### B. Computation of Benefits

#### 1. Figuring the Primary Insurance Amount

If a claimant became disabled after 1978 the primary insurance amount ("PIA") is computed under the "average-indexed-monthly-earnings" method ("AIME") which is set out in 20 C.F.R. §§ 404.210 through 404.212. The first step is to determine the earnings, which are the wages, compensation, self-employment income and deemed military wage credits that are creditable to the claimant for social security purposes. The regulations dealing with military wage credits are found at 20 C.F.R. §§ 404.1340 through 404.1343. 20 C.F.R. § 404.211(b).

Earnings in the "computation base years" are used to find a claimant's average indexed monthly earnings. The computation base years are all years after 1950, up to but not including the year a plaintiff became entitled to disability benefits. 20 C.F.R. § 404.211(2). Before computing a claimant's average indexed monthly earnings, the SSA first looks at the "average of the total

wages" of all workers for each year from 1951 until the second year before the claimant became eligible, which is set forth at 20 C.F.R. Pt. 404, Subpt. C, App. I.  20 C.F.R. § 404.211(c).

The first step in indexing a claimant's social security wages is to find the relationship between the average wage of all workers in a claimant's computation base years and the average wage in the claimant's indexing year.  As a general rule, a claimant's indexing year is the second year before the year he became disabled.  20 C.F.R. § 404.211(d)(1)(i) and (ii).  To find the relationship, the SSA divides the average wages for the claimant's indexing year, in turn, by the average wages for each year beginning with 1951and ending with the claimant's indexing year.  20 C.F.R. § 404.211(d)(2).

The second step is to multiply the actual year-by-year dollar amounts of a claimant's earnings by the quotient found in the first step for each of those years, rounding the results to the nearest penny.  20 C.F.R. § 404.211(d)(3).  To find the number of years to be used in computing a claimant's average indexed monthly earnings, the SSA counts the years beginning with the year a claimant reaches age 22 and ending with the year he became disabled.  20 C.F.R. § 404.211(e)(1). These years are a claimant's "elapsed years."  From the elapsed years, the SSA subtracts up to five years, the exact number depending on the kind of benefits to which the claimant is entitled.  20 C.F.R. § 404.211(e)(1).  For claimants who are first entitled to DIB after June 1980, the elapsed years are divided by five and any fraction is disregarded.  The result, which may not exceed five, is the number of "dropout years."  The dropout years are subtracted from the elapsed years to obtain the number of benefit computation years, which may not be fewer than two.  20 C.F.R. § 404.211(e)(3).  The years which are dropped are the claimant's lowest earning years. 20 C.F.R. § 404.211(f)(example).

After the SSA has indexed a claimant's earnings and found his benefit computation years, it computes his average indexed monthly earnings by totaling the indexed earnings in the benefit computation years and dividing the total by the number of months in the benefit computation years and rounding the quotient to the next lower whole dollar. 20 C.F.R. § 404.211(f). Then, to compute the PIA, the SSA uses a benefit formula found at 20 C.F.R. Pt. 404, Subpt. C, App. II which corresponds to the year the claimant became disabled. 20 C.F.R. § 404.212(a) and (b). The benefit formula is applied to the claimant's average indexed monthly earnings and the results of each step of the formula are added together. The sum is rounded to the next lower multiple of $0.10. 20 C.F.R. § 404.212(c). If a claimant does not become entitled to benefits in the same year he becomes disabled, his PIA is computed by applying to the PIA all automatic cost-of-living and *ad hoc* increases in primary insurance amounts that have gone into effect in or after the year he became disabled. 20 C.F.R. § 404.212(d).

Throughout the administrative process, the plaintiff's complaint about the benefit calculation has been that (1) the SSA miscalculated the elapsed years and the dropout years and (2) that the benefits he was due from September 1987 through July 1991 were miscalculated (See attachments to Mot. for Sum. Jmt., D.E. 13 and also Tr. 101, 19-20.) Regarding the elapsed years, plaintiff agrees that he reached age 22 in 1965 and that he became disabled in 1987 but he argues 21 years elapsed, rather than 22 years as asserted by the SSA. However, plaintiff is mistaken because he simply subtracts 1965 from 1986, which would not *include* 1965 while the regulation makes clear that the years are counted *beginning* with 1965. 20 C.F.R. § 404.211(e)(1). When 1965 is included, there are 22 elapsed years which should be used in the computation. Accordingly, the calculation used by the Appeals Council is supported by substantial evidence and plaintiff's argument to the contrary should be dismissed.

At the 2003 ALJ hearing, plaintiff also argued that when the SSA figured the amount of back pay from 1988 through 1991, that rather than recompute the total amount of benefits, they "just applied the cost of living" and he argues that the miscalculation resulted in a tremendous underpayment which he figured roughly to be at least $150,000 (Tr. 19-20). He made the same argument in the letter to the SSA dated April 11, 2001 (Tr. 101).

However, no where does plaintiff offer any evidence to back up his assertion. At the ALJ hearing he said that he said that he had the "mathematics" he used to make the calculations, but they are not part of the record. Plaintiff has the burden of providing information for the record to corroborate his claims. Bryan v. United States Secretary of Health and Human Services, 758 F.Supp. 1092, 1097 (E.D. N.C. 1990)(citing Bernstein v. Ribicoff, 192 F.Supp. 138 (E.D. Pa. 1961), aff'd 299 F.2d 248 (3rd Cir.), cert. denied, 369 U.S. 887, 82 S.Ct. 1161, 8 L.Ed.2d 288 (1962). Because he has wholly failed to provide evidence to support his allegations, his cause of action should be dismissed.

**2. Waiting Periods**

Plaintiff also has claimed that he served two waiting periods. The waiting period is part of the requirements for entitlement to disability. "You are entitled to a period of disability if you meet all the following conditions: . . . At least 5 consecutive months go by from the month in which your period of disability begins and before the month in which it would end." 20 C.F.R. § 404.320(a)(4). It is undisputed that five months of benefits (September 1, 1987 through January 31, 1988) were subtracted from the second lump-sum payment plaintiff received (Tr. 81-82). Plaintiff argues that five months of benefits also were subtracted from the first lump sum payment he received for the period of July 1991 through April 1998. He presents no evidence to confirm his allegation, but argues that the fact is "indisputable because at that time no one knew what the

action of the Appeals Council would be." (Tr. 101). However, there is evidence in the file such as the payment worksheet and the letter from the Southeastern Program Service Center dated March 25, 2001 that show that plaintiff was paid benefits for every month of 1991 (Tr. 95, 105). Plaintiff presented nothing to contradict the defendant's evidence other than his own unfounded conclusion. Without more, plaintiff cannot show that he twice had money deducted to satisfy the five month waiting period.

### 3. Credit for Military Service

In determining the amount of a claimant's monthly benefit based on wages while on active duty as a member of the uniformed service after 1956 and for establishing a period of disability, the SSA adds wage credits to the wages paid to claimants as a member of the service. 20 C.F.R. § 404.1341. The Appeals Council stated in its decision of February 2, 2004 that the record indicates that the calculation of plaintiff's benefit amount contains wage credits of $300 per month per calendar quarter from the fourth quarter of December 1961 through the fourth quarter of December 1974, the years plaintiff served in the military (Tr. 7). In his motion for summary judgment, plaintiff states that he is unable to determine if his military credits were accurately included in the computation of benefits. He adds that without examining the income records, he does not believe that he has been properly credited for his military service (Pl's. Mot for Sum. Jmt., D.E. 13, p. 4). But the earnings chart was part of the record (Tr. 132). Plaintiff could have, but did not, present evidence that the earnings chart was incorrect.

In the face of the statement by the Appeals Council that plaintiff received the military wage credits to which he was entitled, plaintiff's response that he is unsure whether he received the credits is simply insufficient to show that the determination by the Appeals Council is not

supported by substantial evidence. Accordingly, summary judgment should be entered for defendant.

### 4. Availability of Evidence

Plaintiff argues that although he normally would have the burden of proof to show good cause for remand, in this case the defendant is the sole source of relevant evidence on computing wages and benefits and has failed or refused to provide the evidence. Plaintiff argues that this alleged failure or refusal should excuse him from meeting his burden of proof. Aside from the fact that there are no regulations or case law to support plaintiff's position, he has failed to describe the relevant evidence he needs or what steps, if any, he has taken to try to secure the information. Plaintiff's earnings information is part of the record (Tr. 132). Plaintiff has not challenged the information in the earnings chart. It is also possible to obtain a statement from social security setting out past wage amounts by going to www.socialsecurity.gov and following the prompts. With that information, plaintiff should have been able to construct a concrete argument that he has not received all the benefits to which he is entitled. Without having done so, plaintiff has failed to meet his burden of proof and it is recommended that summary judgment be entered for defendant on all issues.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that defendant's motion for summary judgment (D.E. 14) be granted and plaintiff's motion for summary judgment (D.E. 13) be

denied. The decision of the Commissioner should be affirmed and plaintiff's cause of action should be dismissed in its entirety.

Respectfully submitted this 10th day of August, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).